UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. SHEPHERD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN DUFFY, Warden, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1138 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3 | § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff, housed at the California Medical Facility ("CMF"), names Dr. Ko, Dr. Thomas, and Warden Brian Duffy as defendants. Plaintiff claims that on March 29, 2013, defendant Dr. Ko removed plaintiff's prescription for morphine, allegedly because plaintiff was hoarding medications, despite plaintiff not being found guilty of such a charge. Plaintiff claims that he was unaware that Dr. Ko was his primary care physician. Plaintiff alleges that since March 29, 2013, defendant Dr. Ko and "other CMF medical staff" have refused to treat plaintiff's severe medical conditions. As an example, plaintiff states that on April 17, 2013, at 8:00 a.m., plaintiff was taken to see Sgt. Swan who ordered plaintiff to go "man down" based on plaintiff's severe abdominal and leg pain. Plaintiff was taken to the emergency room, where an unknown doctor determined plaintiff was suffering from encephalopathy, caused by liver failure. Plaintiff claims he was returned to his cell without the standard observation to ensure his blood ammonia level returned to normal. However, at 1:30 p.m., plaintiff went "man down" and was returned to B-1 emergency. Plaintiff alleges that he was not treated for encephalopathy, but was injured on his head and unstable, and was fighting staff due to his encephalopathy. Rather than being given Lactulose, plaintiff claims he was given Haldol and Benadryl, which caused a reaction which "forced staff to take [plaintiff] to an outside hospital." (ECF No. 13 at 4.) Plaintiff alleges he was then life-flighted to U.C. Davis where he was placed in ICU for three days, then released to the U.C. Davis trauma center for another seven days.

First, plaintiff failed to include any charging allegations as to defendants Warden Duffy and Dr. Thomas. In addition, Warden Duffy cannot be liable based on his role as warden. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff failed to include any charging allegations, plaintiff's claims against defendants Duffy and Thomas must be dismissed.

Second, plaintiff fails to state a cognizable civil rights claim as to defendant Dr. Ko.  [T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).)  The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary

1 | and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

2 | indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

3 | 1992).) Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

4 | pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096

5 | (citing McGuckin, 974 F.2d at 1060.) In order to state a claim for violation of the Eighth

6 | Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants

7 | "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan,

8 | 511 U.S. 825, 837 (1994).

9 |    In applying this standard, the Ninth Circuit has held that before it can be said that a

10 | prisoner's civil rights have been abridged, "the indifference to his medical needs must be

11 | substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

12 | cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

13 | Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or

14 | treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

15 | Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious

16 | medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of

17 | opinion between medical professionals concerning the appropriate course of treatment generally

18 | does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d

19 | 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a

20 | difference of opinion between a prisoner-patient and prison medical authorities regarding

21 | treatment does not give rise to a[§ ]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

22 | Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the

23 | prisoner "must show that the course of treatment the doctors chose was medically unacceptable

24 | under the circumstances" and "that they chose this course in conscious disregard of an excessive

25 | risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

26 |    Plaintiff claims that on March 29, 2013, defendant Dr. Ko removed plaintiff's prescription

27 | for morphine, however, plaintiff does not indicate for how long plaintiff was deprived of this

28 | prescription, or what, if any, harm plaintiff suffered as a result. In addition, if Dr. Ko removed

plaintiff from this medication based on hoarding, absent additional factual support, such removal does not constitute deliberate indifference, particularly if plaintiff was provided with an alternative medication.[1]

Third, in connection with plaintiff's allegations as to the treatment received on April 17, 2013, plaintiff fails to identify particular defendants he alleges were deliberately indifferent to his serious medical needs. Moreover, the medical records provided by plaintiff indicate that plaintiff suffers from myriad health issues including end stage liver disease, chronic Hepatitis C, cirrhosis, portal hypertension, pancytopenia, esophageal varices, and hepatic encephalopathy. Thus, plaintiff's complex medical conditions present unique treatment challenges; while plaintiff may not agree with particular treatment regimens, such disagreement does not constitute deliberate indifference absent facts demonstrating a culpable state of mind. For example, plaintiff admits he was fighting with staff, including medical staff, as a result of his encephalopathy, and medical staff likely prescribed Haldol in an effort to calm plaintiff down.

Finally, plaintiff admits that he did not exhaust administrative remedies prior to filing the instant action. (ECF No. 13 at 2.) The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Although non-exhaustion is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b), Wyatt v.

---

[1] On June 5, 2012, a different doctor noted the following: "Chronic pain vs. opiate tolerance/[history] dependency -- Will treat pain appropriately but need to consider perhaps weaning this patient off Morphine and place on Methadone. He is completely resistant to any changes at this time, though his urine is POS TOX for Methadone which he is not currently prescribed. Will discuss the dangers of taking meds not prescribed." (ECF No. 1 at 2.)

Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), plaintiff is cautioned that his claims will be delayed if he has failed to exhaust his administrative remedies prior to filing the instant action because the court will be required to dismiss the claims without prejudice to their renewal after plaintiff receives the Director's Level decision on such claims. Plaintiff may voluntarily dismiss this action and re-file after he exhausts his administrative remedies, or he may choose to amend to raise those claims for which he exhausted his administrative remedies prior to May 14, 2013.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

7

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be set forth.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shep1138.14

```
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   K. SHEPHERD,                          No. 2:13-cv-1138 KJN P
12            Plaintiff,
13         v.                              NOTICE OF AMENDMENT
14   BRIAN DUFFY, et al.,
15            Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19         _____         Amended Complaint
     DATED:
20                                _____
21                                Plaintiff
```